UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22CR709 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| DEVIN CRENSHAW, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Devin Crenshaw's *pro se* motion for compassionate release. Doc. 156. Upon review, the motion is DENIED.

The Sixth Circuit has previously explained this Court's duties and obligations when considering a motion for compassionate release.

> Sections 3582(c)(1)'s and (c)(2)'s parallel language and structure compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test. The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[ ]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A) (emphasis added). The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018). Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[ (1)(A) ] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)(citations and footnotes omitted).[1]

---

1 The sentencing commission has since clarified that § 1B1.13 is in fact applicable to applications filed by prisoners.

In its recently amended compassionate-release policy statement, the Sentencing Commission lists six categories of extraordinary and compelling reasons that may support compassionate release. Those categories are (1) medical circumstances, (2) age, (3) family circumstances, (4) abuse suffered in custody involving a "sexual act" or "serious bodily injury," (5) "other reasons" similar to those in the first four categories, and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b). Such circumstances, according to the Sixth Circuit (speaking before the policy statement), are "most unusual" and "far from common." *United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022 (citation omitted). And in any event, district judges retain considerable discretion to determine whether a defendant's reasons are extraordinary and compelling. *See United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

> The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. Also, district courts can consider non-retroactive changes in law relevant to sentencing as part of their weighing the § 3553(a) sentencing factors. District courts are encouraged to be explicit and particular with their factual reasoning when they consider the § 3553(a) factors.

*United States v. Brown*, No. 1:19-CR-129(2), 2024 WL 987528, at *3 (S.D. Ohio Mar. 7, 2024)(citations and quotations omitted).

Crenshaw first argues that he was improperly convicted of an inchoate offense, attempted possession with intent to distribute methamphetamine, which cannot be the predicate for his § 924(c) conviction. Crenshaw is factually incorrect. Crenshaw's 924(c) conviction stems from

2

count 14 of his indictment which reads:

> On or about July 13, 2022, in the Northern District of Ohio, Eastern Division, Defendant DEVIN CRENSHAW did possess a firearm in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States, to wit: Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 84l(a)(l), (b)(l)(B), and (b)(l)(C), as charged in Counts 11 and 12, of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

Thus, contrary to Crenshaw's contentions, the predicate offenses for his 924(c) conviction were not inchoate offenses. Thus, his first argument lacks merit.

Crenshaw next argues that because he received two "status" points when calculating his criminal history points and the sentencing guidelines have since been amended to impose only one status point. Crenshaw, however, received only one status point when calculating his criminal history. Thus, the amendment does not alter his calculation in any manner.

Based upon the above, the motion for compassionate release is DENIED.

IT IS SO ORDERED.

November 7, 2024　　　　　　　　　　　　　　/s/John R. Adams
Date　　　　　　　　　　　　　　　　　　　　JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE